**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| FRANK FRANCI and RANDY BUMBAUGH, on behalf of themselves and all others similarly situated, <br><br> *Proposed Class Action Plaintiffs*, <br><br> v. <br><br> CHAMBERS DEVELOPMENT COMPANY, INC., <br><br> *Defendant*. | Civil Action No: _____ <br><br> (*Removed from Court of Common Pleas of Allegheny County, Pennsylvania, Case. No GD-24-004220*) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, as well as the Class Action Fairness Act ("CAFA"), Defendant Chambers Development Company, Inc. ("Chambers") removes the above-entitled action from the Court of Common Pleas of Allegheny County, Pennsylvania, where it is now pending, to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, on the grounds of original jurisdiction under CAFA pursuant to 28 U.S.C. § 1332(d) as well as complete diversity of jurisdiction pursuant to 28 U.S.C. § 1332(a). In support of this Notice of Removal, and in accordance with 28 U.S.C. § 1446, Chambers states as follows:

**PROCEDURAL BACKGROUND**

1. Plaintiffs Frank Franci and Randy Bumbaugh, who on information and belief are citizens and residents of Pennsylvania, filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, on April 12, 2024, captioned *Frank Franci and Randy*

*Bumbaugh, on behalf of themselves and all others similarly situated v. Chambers Development Company, Inc.*, Civil Action No. GD-24-004220 (the "State Court Action").

2.      The civil cover sheet is attached hereto as **Exhibit 1**.

3.      Under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders received by Chambers are attached as **Exhibit 2**.

4.      On May 1, 2024, an individual with the Allegheny County Sheriff's office left paperwork concerning the State Court Action with employees at a Chambers field office located at 310 Leger Road, North Huntingdon Town, Pennsylvania 15642.  The employees unsuccessfully attempted to redirect the paperwork to the appropriate party, making clear to the individual with the Sheriff's office that they were not agents authorized to receive service.

5.      On May 14, 2024, despite the aforementioned issues with service, Chambers agreed with Plaintiffs' counsel to waive formal service and issued an acceptance of service setting the service date as May 1, 2024, and which also extended the deadline for Chambers' response to the Complaint to July 1, 2024, as evidenced by **Exhibit 3**.

6.      This Notice of Removal is timely as it has been filed within thirty (30) days of service of the Complaint.  28 U.S.C. § 1446(b).

7.      Chambers files this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs.

**VENUE**

8.      Venue lies in this Court because the State Court Action was originally filed in Allegheny County, Pennsylvania, which is within the geographic boundaries of the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.  *See* 28 U.S.C. §§ 118(c), 1441(a).

**NOTICE**

9.      In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Chambers will file a Notice of Notice of Removal with the Prothonotary for the Court of Common Pleas of Allegheny County, Pennsylvania, and will attach a copy of this Notice of Removal thereto.  A copy of the Notice of Notice of Removal is attached as **Exhibit 4**.

10.      In accordance with 28 U.S.C. § 1446(d), Chambers has also given written notice to Plaintiffs by contemporaneously serving this Notice of Removal and its Exhibits on counsel for Plaintiffs.

**GROUNDS FOR REMOVAL**

11.      Plaintiffs sued Chambers over alleged "fugitive noxious odors" occurring on "recurrent and intermittent occasions" emanating from the Monroeville Landfill located at 600 Thomas Street, Monroeville, Pennsylvania (Allegheny County).  Compl., ¶¶ 12–14.

12.      The State Court Action alleges class-based claims for private nuisance (first cause of action), public nuisance (second cause of action), and negligence (third cause of action).  *Id.*, ¶¶ 56–88.

13.      Plaintiffs seek compensatory and punitive damages, including pre- and post-judgment interest; attorneys' fees and costs, including pre- and post- judgment; and injunctive relief.  *Id*. at Prayer for Relief ¶¶ D–E, H.

14.      Plaintiffs filed this lawsuit as a class action, seeking to represent the following class: "All owners/occupants and renters of residential property within one (1) mile of the Landfill property boundary." *Id*. ¶ 44.

15.      CAFA gives district courts original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and

is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different

from any defendant. . . ." 28 U.S.C. § 1332(d)(2).  This original jurisdiction only applies if the

proposed class includes at least 100 members.  28 U.S.C. § 1332(d)(5)(B).

16.     "[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress

enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin*

*Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Furthermore, CAFA is to be read "broadly,

with a strong preference that interstate class actions should be heard in a federal court if properly

removed by any defendant."  *Id.*

17.     District courts also have original jurisdiction of matters with complete diversity of

citizenship and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Section

1332(d) neither displaces nor limits the analysis of traditional diversity under Section 1332(a).  *See*

*Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 752–55 (W.D. Pa. 2015).

18.     A notice of removal requires only a "short and plain statement of the grounds for

removal."  28 U.S.C. § 1446(a).  This statement does not need to be accompanied by "evidentiary

submissions."[1]  *Dart*, 574 U.S. at 85.  The following statements demonstrate the jurisdictional facts

establishing that this Court has original jurisdiction over this matter, making removal proper.

**I.     This Court has original CAFA jurisdiction under 28 U.S.C. § 1332(d).**

**A.     The amount in controversy exceeds $5,000,000.**

19.     A "notice of removal need include only a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold."  *Dart*, 574 U.S. at 89.

---

[1] To the extent there is any dispute as to the amount in controversy, Chambers reserves the right
to submit evidence further substantiating its jurisdictional allegations.

20.     Plaintiffs have not specified an amount in controversy but seek compensatory and punitive damages, attorneys' fees and costs, and injunctive relief.  Compl., at Prayer for Relief ¶¶ D–E, H.

21.     "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6); *see also* S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 42 (Feb. 28, 2005) ("Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs).").

22.     For purposes of aggregation, "those class members include persons named or unnamed who fall within the definition of the proposed or certified class."  *Papurello*, 144 F. Supp. 3d at 755.

23.     For each cause of action, Plaintiffs have alleged a loss in the use and enjoyment of their land and diminution to their property's value due to the activities of the Chambers Development Company.  *See* Compl. ¶¶ 64, 74, 85.  In similar actions in Pennsylvania, settlement amounts have proportionally surpassed the individual amounts that would be required for this action to meet the amount in controversy requirement.  *See*, *e.g.*, *Toman and Labrosky, individually and on behalf of all others similarly situated v. Waste Management Inc.,* et al., No. 2003-CV-964, 2007 WL 5298440 (Pa. Com. Pl. Dec. 20, 2007) (1,225 residents settled with the defendants for $3,000,000 after alleging nuisances, "diminution in market value," due in part to "rotten egg-like

[and] methane smells").[2]  Additionally, plaintiffs alleging comparable harms, and using the same legal theories, have routinely sought damages in excess of $5,000,000.  *See*, *e.g.*, *Fuehrer v. Nestle Purina Petcare Co.*, No. 5:20-CV-03910, Dkt. 1 (E.D. Pa.) (alleging the amount in controversy to be more than $5,000,000 where Defendant's pet food manufacturing facility allegedly caused "noxious odors that invade Plaintiffs' property, causing property damage through nuisance and negligence," and alleging 2,000 residences within the Class Area).

24.     When a plaintiff "is seeking punitive damages," a Court "must consider [them] when calculating the amount in controversy." *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).  In Pennsylvania, an award of punitive damages that totaled five times the amount of compensatory damages "did not violate due process." *Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.*, 801 F.3d 347, 366 (3d Cir. 2015).

25.     Attorneys' fees must also be considered. *Frederico*, 507 F.3d at 199.  These "could be as much as thirty percent of the judgment." *Id*.  Applying that percentage to this matter, the amount sought by Plaintiffs need only be $3,500,000 for the attorneys' fees to carry the remaining balance to an amount in controversy of $5,000,000.

26.     Plaintiffs purport to represent a class of "approximately 2,700 separate residences." Compl. ¶ 46.  Assuming just one class member per residence, each member need only seek $1,852 each, inclusive of compensatory damages, punitive damages, and attorneys' fees to exceed the $5,000,000 threshold.

---

[2]  This settlement amount provided $2,448.97 to each resident.  Proportionally, based on the class alleged in this matter, this would total a settlement amount, or amount in controversy, of $6,612,219.

27.     Based on the foregoing, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and CAFA's amount in controversy requirement is easily satisfied.

**B.      There is minimal diversity.**

28.     Minimal diversity requires "a showing that any class member and any defendant are citizens of different states." *Papurello*, 144 F. Supp. at 755.

29.     Plaintiffs are citizens of Pennsylvania. *See* Compl. ¶¶ 3–4.

30.     Contrary to assertions by Plaintiffs, Chambers is not a citizen of Pennsylvania. *Id*. ¶ 5.

31.     A corporation is "deemed to be citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

32.     A corporation's principal place of business "will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). Importantly, "some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet[;] [t]hat said, our test nonetheless points courts in a single direction, toward the center of overall direction, control, and coordination." *Id*. at 95–96.

33.     As noted by Plaintiffs, Chambers is incorporated in Delaware and therefore a citizen of Delaware. *See* Compl., ¶ 5.

34.     The principal place of business, headquarters, and nerve center for Chambers is Texas. The Commonwealth of Pennsylvania recognizes that Chambers' headquarters are in Texas. *See* **Exhibit 5**. The State of Texas also recognizes that Chambers' headquarters are in Texas. *See*

**Exhibit 6**.[3]  This headquarters and the agents who occupy its offices in Texas provide the overall direction, control, and coordination for the corporation.  Chambers is therefore a citizen of Texas.

35.     Based on the foregoing, CAFA's minimal diversity requirement is satisfied.

**C.     The proposed class exceeds 100 members.**

36.     Plaintiffs preliminarily define their class as "[a]ll owners/occupants and renters of residential property within one (1) mile of the Landfill property boundary" and further allege this to include "approximately 2,700 separate residences."  Compl. ¶ 44.

37.     Therefore, CAFA's putative class requirement is satisfied.

**II.     This Court has traditional diversity jurisdiction under 28 U.S.C. § 1332(a).**

**A.     There is complete diversity.**

38.     In a class-action suit, only the citizenship of the named parties matters for purposes of diversity under 28 U.S.C. § 1332(a).  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 583 n.3 (2005); *Snyder v. Harris*, 394 U.S. 332, 340 (1969).

39.     Complete diversity necessitates "all plaintiffs must be of diverse citizenship from all defendants."  *Papurello*, 144 F. Supp. at 752.

40.     As previously established, Plaintiffs are citizens of Pennsylvania, and Chambers is a citizen of Delaware and Texas.

41.     Therefore, complete diversity under 28 U.S.C. § 1332(a) is satisfied.

**B.     The amount in controversy exceeds $75,000.**

42.     The amount in controversy may also be gleaned from an analysis of the injunctive relief sought.  *See Johnson v. Gerber Prods. Co.*, 949 F. Supp. 327, 330 (E.D. Pa. 1996).

---

[3] The Court can and should take judicial notice of these documents available through the Commonwealth of Pennsylvania's and State of Texas's websites.  *See* Fed. R. Evid. 201; *see, e.g.*, *Hasson v. FullStory, Inc.*, 2023 WL 4727619, at *2 (W.D. Pa. July 25, 2023) (taking judicial notice of public record from Texas Secretary of State's website stating that company was incorporated in Texas and maintained principal place of business in Texas).

43.     In the Third Circuit, the importance is placed on "the plaintiff's perspective in measuring the value of injunctive relief." *Id*. (as opposed to the defendant's costs to comply with the injunctive relief sought.)

44.     When injunctive relief is sought against landfills due to odors, the benefits of injunction are estimated to exceed $75,000. *See*, *e.g.*, *Batties v. Waste Mgmt. of Pa., Inc.*, No. 14-7013, 2016 U.S. Dist. LEXIS 186335 *4 (E.D. Pa. May 11, 2016) (defendant demonstrating that, after the defendant's installation of new systems, odor suppressants, power washing, and updated wastewater treatment, the nonmonetary benefits incurred by plaintiffs asserting claims of nuisance and negligence were valued at $600,000).

45.     Additionally, in similar matters, other plaintiffs with some of the same plaintiffs' counsel as those here have evaluated the amount in controversy to exceed $75,000. *See*, *e.g.*, *Lloyd v. Covanta Plymouth Renewable Energy, LLC*, 517 F. Supp. 3d 328, 330 n.1 (E.D. Pa. 2021).

46.     Also, plaintiffs in odor nuisance lawsuits can recover substantial damages if they are successful at trial.  Two examples where damages more than $75,000 were awarded in similar cases are (1) *McIlrath v. Prestage Farms of Iowa, L.L.C.*, No. 15-1599, 2016 WL 6902328, at *1–2, *8–9 (Iowa Ct. App. Nov. 23, 2016) (in odor nuisance case, court affirmed jury award of $100,000 for loss of past use and enjoyment, $300,000 for loss of future use and enjoyment, and $125,000 for diminution in market value), *overruled on other grounds by Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67 (Iowa 2022); and (2) *Gacke v. Pork Xtra, L.L.C.*, 684 N.W.2d 168, 171, 185 (Iowa 2004) (in odor nuisance case, noting jury award of $50,000 for diminution in market value of property and $46,500 for loss of past enjoyment). *See also City of Spencer, Iowa v. IsoNova Technologies, LLC*, No. 23-CV-4061-CJW-KEM, 2024 WL 841192 (N.D. Iowa Feb. 28, 2024) (in odor nuisance case, recommending finding that diversity jurisdiction exists and that the

amount in controversy exceeds $75,000 based in part on the aforementioned *McIlrath* and *Gacke* cases).

47.     In addition, Plaintiffs seek punitive damages as well as attorney's fees.  Both must be considered as part of the amount in controversy.  *Frederico*, 507 F.3d at 199.

48.     A mere compensatory award of $10,000 would suffice to meet the $75,000 amount in controversy here.

49.     This is because as noted above, in Pennsylvania, an award of punitive damages that totaled five times the amount of compensatory damages "did not violate due process." *Brand Mktg. Grp. LLC*, 801 F.3d at 366.  That would equal $50,000.

50.     Also, as noted above, attorneys' fees "could be as much as thirty percent of the judgment." *Id*.

51.     With a compensatory award of $10,000, punitive damages of $50,000, and attorney's fees of $18,000, the $75,000 amount in controversy is met here.

52.     Therefore, using three different methods of calculating the amount in controversy, this requirement under 28 U.S.C. § 1332(a) is satisfied.

### MISCELLANEOUS

53.     To the extent there is any doubt whether removal is appropriate in this matter, the Third Circuit recognizes that an important function of CAFA is to "provide for federal court consideration of interstate cases of national importance under diversity jurisdiction." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 149 (3d Cir. 2009).

54.     Furthermore, removal is appropriate given that "a principal justification for [traditional] diversity jurisdiction" is to avoid the "local bias in favor of local persons. . . ." *Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959).

55.     This action has not been removed previously to federal court.

56.     By filing this Notice of Removal, Chambers does not waive any defenses, either procedural or substantive, that may be available.  No statement or omission in this Notice is an admission of any allegations of or damages sought in the complaint.

57.     Although Chambers asserts that this Notice of Removal provides the Court a preponderance of evidence in favor of original jurisdiction under § 1332(a) and § 1332(d), it expressly reserves and does not waive its right to amend this Notice and/or offer evidence supporting the Court's jurisdiction over this action.

58.     If any question arises as to the propriety of removal to this Court, Chambers requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.  *See Papurello*, 144 F. Supp. at 750–51.

**CONCLUSION**

59.     This Court has original jurisdiction over this litigation under CAFA, 28 U.S.C. § 1332(d).  The amount in controversy exceeds $5,000,000, the parties are minimally diverse, and the proposed class exceeds 100 members.  Alternatively, this Court has original jurisdiction over this litigation under traditional diversity, 28 U.S.C. § 1332(a).  There is complete diversity amongst the parties, and the amount in controversy exceeds $75,000.

60.     Chambers therefore requests, under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, that the State Court Action be removed to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, and that this Court assume jurisdiction over this action and enter such orders necessary to accomplish the requested removal and promote the ends of justice.

Dated: May 31, 2024                          Respectfully submitted,

                                             **MCGUIREWOODS LLP**

                                             */s/ Branden P. Moore*
                                             Branden P. Moore
                                             Pa. Id. No. 314483
                                             Cameron J. Comer
                                             Pa. Id. No. 329152
                                             McGuireWoods LLP
                                             260 Forbes Avenue, 18th Floor
                                             Pittsburgh, Pennsylvania 15222
                                             412-667-6000
                                             412-667-6050  (Facsimile)
                                             bmoore@mcguirewoods.com
                                             ccomer@mcguirewoods.com

                                             Eugene E. Mathews*
                                             VSB No. 36384
                                             McGuireWoods LLP
                                             Gateway Plaza
                                             800 East Canal Street
                                             Richmond, Virginia 23219
                                             804-775-4773
                                             804-698-2313  (Facsimile)
                                             mmathews@mcguirewoods.com

                                             *to be admitted *pro hac vice*
                                             *Counsel for Defendant Chambers*
                                             *Development Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants, in addition to serving the same counsel via first-class mail with proper postage fully prepaid:

James E. DePasquale
1302 Grant Building
310 Grant Street
Pittsburgh, PA 15219
jim.depasquale@verizon.net

*Attorney for the Plaintiffs*

Steven D. Liddle
LIDDLE SHEETS COULSON P.C.
975 E. Jefferson Avenue
Detroit, MI 48207-3101
sliddle@lsccounsel.com

*Attorneys for Plaintiffs & the Putative Class*

/s/      Branden P. Moore

13