**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| FRANK FRANCI and RANDY BUMBAUGH, on behalf of themselves and all others similarly situated, | |
| *Proposed Class Action Plaintiffs*, | Civil Action No: 2:24-00800 |
| v. | Judge William S. Stickman IV |
| CHAMBERS DEVELOPMENT COMPANY, INC., | |
| *Defendant*. | |

<u>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

Branden P. Moore
Pa. Id. No. 314483
Cameron J. Comer
Pa. Id. No. 329152
McGuireWoods LLP
260 Forbes Avenue, 18th Floor
Pittsburgh, Pennsylvania 15222
412-667-6000
412-667-6050 (Facsimile)
bmoore@mcguirewoods.com
ccomer@mcguirewoods.com

Eugene E. Mathews
VSB No. 36384
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
804-775-4773
804-698-2313 (Facsimile)
mmathews@mcguirewoods.com

*Counsel for Defendant Chambers Development Company, Inc.*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Chambers Development Company, Inc. ("Chambers") moves to dismiss Plaintiffs' Class Action Complaint and Jury Demand ("Complaint") for failure to state a claim upon which relief can be granted.  Chambers additionally moves to strike Plaintiffs' class allegations under Federal Rules of Civil Procedure 12(f) and 23(b)(3).  For the reasons stated herein, Plaintiffs' Complaint should be dismissed and/or the class allegations should be struck.

## PRELIMINARY STATEMENT

Plaintiffs bring three counts against Chambers: private nuisance, public nuisance, and negligence.  The Complaint, while long on rhetoric and legal conclusions, is short on facts.  Accordingly, the Complaint has failed to state a claim upon which relief can be granted and must be dismissed.

*First*, the allegations in the Complaint for all three counts fail to state a plausible claim.  A complaint must contain factual assertions "enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, the Complaint includes allegations constituting exactly the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held is insufficient to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The bare-bone allegations of the Complaint neither provide the Court with a plausible demonstration of why Plaintiffs are entitled to relief as required by the Federal Rules of Civil Procedure nor anything more than conclusory allegations which do not meet the *Twombly*/*Iqbal* threshold.  As such, all of Plaintiff's claims must be dismissed.

*Second*, Plaintiffs' claims of private nuisance and negligence are barred under the economic loss doctrine.  It is well established that "economic losses may not be recovered in tort absent any physical injury or property damage."  *Gen. Pub. Utilities v. Glass Kitchens of*

*Lancaster, Inc.*, 542 A.2d 567, 570 (Pa. Super. Ct. 1988). Any property in question must experience real "physical harm." *Id*.; *Ellenbogen v. PNC Bank, N.A.*, 731 A.2d 175, 188 n.26 (Pa. Super. Ct. 1999). Plaintiffs pled no physical injuries or property damage. Thus, neither claim is permitted.

*Third*, Plaintiffs' prayer for punitive damages must fail. Pennsylvania awards punitive damages "in only the most exceptional matters," which are those in which the defendant's conduct is "outrageous." *Maroz v. Arcelormittal Monessen LLC*, No. 15CV0770, 2015 WL 6070172 at *6 (W.D. Pa. Oct. 15, 2015). Absent extraordinarily malicious behavior by the defendant, which has not been pled here, punitive damages are an inappropriate remedy.

*Fourth*, Plaintiffs' class allegations should be struck. While striking class allegations is rare, this Court has not hesitated to do so when presented with an appropriate opportunity to do so. Such is the case here. Plaintiffs' causes of action ostensibly relate to their properties. Fundamentally, causation and damages are individualized issues subject to individualized proof on a case-by-case basis. Because discovery would not remedy these foundational issues, striking the class allegations is appropriate at this early stage.

Thus, Plaintiffs' Complaint should be dismissed, and the class allegations should be struck.

## BACKGROUND

Plaintiffs reside in the City of Monroeville in Allegheny County, in the vicinity of the Monroeville Landfill ("Landfill") operated by Chambers located at 600 Thomas Street, Monroeville, Pennsylvania. Plaintiffs assert that Chambers "has failed to use adequate odor mitigation strategies, processes, technologies, and equipment to control noxious odor emissions from the Landfill." (Compl. ¶ 26.) The Complaint alleges these odors have interfered with the use and enjoyment of the Plaintiffs' homes and caused their property values to diminish. (*Id.* ¶¶

37–38.)

Plaintiffs further allege that Chamber's conduct has similarly affected "approximately 2,700 separate residences" within 1.0 mile of the Landfill.  (*Id.* ¶¶ 11, 46.)  Given that the average size of a household is 2.57 persons,[1] this proposed class could encompass approximately 6,939 persons.  They seek to assert claims for private nuisance, public nuisance, and negligence on behalf of all residents within this area.  (Compl. ¶¶ 56–65, 66–81, 82–88.)

Defendant Chambers operates the Monroeville Landfill Management Facility ("Landfill"), located at in Monroeville.  (*Id.* ¶ 5.)  It has operated continuously at this location since 1985.[2]  It operates pursuant to a permit approved by the Pennsylvania Department of Environmental Protection (PDEP).  This landfill, like all over solid waste landfills, is subject to extensive regulation at the federal, state, and local levels.  *See, e.g.*, 42 U.S.C. § 7401 *et seq.* (Clean Air Act).  This Landfill is routinely inspected for compliance, sometimes multiple times per month.[3]  The Landfill was not cited for any violations by PDEP in 2022, 2023, or 2024.[4]

Plaintiff Frank Franci "owns and resides at a home located at 2748 5th Street" in Monroeville.  (Compl. ¶ 3.)  The residence at this address was built in 1930,[5] and Mr. Franci

---

[1]    *See* United States Census Bureau, *Quick Facts (United States)*, https://www.census.gov/quickfacts/fact/table/US/HCN010217 (last visited Jul. 1, 2024).  Courts may take judicial notice of documents available from a government website. *See, e.g.*, *Vanderklok v. U.S.*, 868 F.3d 189, 205 n.16 (3d Cir. 2017).  This Court should take judicial notice of such documents, which are cited in this memorandum.

[2]    Pennsylvania Department of Environmental Protection (DEP), *Monroeville Landfill*, https://www.ahs.dep.pa.gov/eFACTSWeb/searchResults_singleFacility.aspx?FacilityID=254373 (last visited Jul. 1, 2024).

[3]    *Id.*

[4]    *Id.*

[5]    Allegheny County Real Estate Portal, *Property Search*, https://www2.alleghenycounty.us/RealEstate/Search.aspx (Search "By Address", then search "2748" for "House Number," "5th" for "Street Name," and "Monroeville" for "Municipality"; then follow the "Search" hyperlink).

purchased this residence in 1995.[6]  Plaintiff Randy Bumbaugh "owns and resides at a home located at 258 Willow Drive" in Monroeville.  (Compl. ¶ 4.)  The residence at this address was built in 1987,[7] and Mr. Bumbaugh purchased this residence in 2018.[8]  Therefore, the Landfill had been in operation before either Plaintiff moved to their residences.

Although Plaintiffs allege some annoyance with odors from the Landfill, they make no factual allegations of physical damage to their properties.  Nor do they assert any allegations of personal injuries.

## ARGUMENT

### I.    Plaintiffs' threadbare allegations as to all claims are insufficiently pled.

Although "well-pleaded allegations must be accepted as true and construed in the light most favorable to the plaintiffs," courts "are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Velez-Aguilar v. Sequium Asset Solutions LLC Inc.*, No. 22-1109, 2023 WL 1793885 at *2 n.6 (3d Cir. 2023).  A plaintiff cannot survive a motion to dismiss when that plaintiff offers "nothing more than threadbare assertions and conclusory statements" about a defendant's behavior.  *Lu v. Comcast Cable Commun., LLC*, No. 23-3135, 2024 WL 1826423 (3d Cir. 2024) (citing *Iqbal*, 556 U.S. at 678); *see also Twombly*, 550 U.S. at 555.  Plaintiffs must plead more than "formulaic recitation of the elements of a cause of action" because there must be "a showing, rather than a blanket

---

[6]    *Id*.  (Search "By Address", then search "2748" for "House Number," "5th" for "Street Name," and "Monroeville" for "Municipality"; follow the "Search" hyperlink; then click the "Owner History" tab).

[7]    *Id*.  (Search "By Address", then search "258" for "House Number," "Willow" for "Street Name," and "Monroeville" for "Municipality"; then follow the "Search" hyperlink).

[8]    *Id*.  (Search "By Address", then search "258" for "House Number," "Willow" for "Street Name," and "Monroeville" for "Municipality"; follow the "Search" hyperlink; then click the "Owner History" tab).

assertion, of entitlement to relief." *Brentley v. City of Pittsburgh*, No. CV 20-489, 2023 WL 8004926 at *5 (W.D. Pa. Nov. 17, 2023); *see also James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) ("[W]e disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."). Thus, Plaintiffs' Complaint should be dismissed for failing to meet pleading requirements.

**A.    Similar threadbare pleadings have resulted in dismissals.**

Similar bare-bones complaints, even after given leave by the court to amend, from the same law firm that filed the instant action, have resulted in courts granting motions to dismiss either partially or in their entirety.

Plaintiffs' counsel filed an equally deficient complaint and amended complaint in this district asserting nuisance, negligence, and trespass claims against a Coke plant. *See Maroz*, 2015 WL 6070172 at *2. These complaints allege nearly duplicative facts to this Complaint, citing injuries of "noxious odors," interactions with the Pennsylvania Department of Environmental Protection, and even a specific "rotten egg" smell. *Id*.; (Compl. ¶¶ 12–13, 16, 34). Highlighting several insufficiencies in the amended complaint, this Court dismissed the public nuisance claim. *See Maroz*, 2015 WL 6070172 at *4 (holding that the allegations of diminutive property value and loss of enjoyment/use of their land did "not give rise to a Pennsylvania-law based public nuisance claim").

Similarly, Plaintiffs' counsel filed a deficient complaint in the Southern District of Ohio for identical claims of nuisance, negligence, and trespass against a paper mill. *Ford v. Chillicothe Paper, Inc.*, No. 2:15-cv-2464, 2016 U.S. Dist. LEXIS 186338 at *3–4, *8, *11–12 (S.D. Ohio Jan. 15, 2016). Again, counsel hinged all claims on purported "noxious odors," but this time the court dismissed the complaint in its entirety for failure to state a claim. *Id*. at *13. Continually

citing to the *Iqbal/Twombly* standards, the court made clear that "bare, conclusory allegation[s]" that merely regurgitate the elements of a claim were not enough to survive a motion to dismiss. *Id*. at *11–12.

As explained more fully below, the Complaint here is similarly deficient as the referenced complaints in which motions to dismiss were granted in part or in whole.

**B.    Plaintiffs' Complaint is similarly threadbare and should be dismissed.**

**1.    Private Nuisance**

Liability exists for a private nuisance claim if:

> [the defendant's] conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of land, and the invasion is either: (a) intentional and unreasonable, or (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities.

*Diess v. Pennsylvania Dep't of Transp.*, 935 A.2d 895, 905 (Pa. Commw. Ct. 2007).  Plaintiffs' private nuisance claim fails for three reasons.

*First*, Pennsylvania recognizes that "a defendant is not subject to liability for an invasion unless the invasion caused significant harm." *Karpiak v. Russo*, 676 A.2d 270, 272 (Pa. Super. Ct. 1996).  This harm specifically involves "more than slight inconvenience or petty annoyance." *Id*. Plaintiffs in the instant action have at most complained of an intermittent odor which, at the earliest, began only five months before the complaint was filed and affected, at most, "dozens of households" out of the nearly 2,700 residences which Plaintiffs purport would be equally overcome by the Landfill's conduct.  (Compl. ¶¶ 30, 34, 46.)  Plaintiffs plead no noncompliance or violations by Chambers with the PDEP.  Plaintiffs' conclusory allegations more aptly describe a slight inconvenience and petty annoyance than significant and unreasonable interference.

*Second*, Plaintiffs also fail to plead any factual basis to support the conclusion that

Chambers' actions were either intentional and unreasonable or negligent and reckless as required. Intentional acts, while fairly self-explanatory, are also "defined as [those] where the consequences of the action[s] are substantially certain." *Minnesota Fire and Cas. Co. v. Greenfield*, 805 A.2d 622, 625 (Pa. Super. Ct. 2002), *aff'd on other grounds*, 855 A.2d 854 (Pa. 2004). Reckless conduct "must not only be unreasonable, but it must involve a risk of harm to others substantially in excess of that necessary to make the conduct negligent." *Tayar v. Camelback Ski Corp., Inc.*, 616 Pa. 385, 402 (2012). Other than Plaintiffs' rhetoric and conclusory statements that Chambers acted intentionally or recklessly, Plaintiffs offer no factual basis to support these statements.

*Third*, Plaintiffs are required to plead that their "property interests have been encroached by something that has come onto the property against" their will. *Cavanagh v. Electrolux Home Prods.*, 904 F. Supp.2d 426, 435 (E.D. Pa. 2012). Plaintiffs fail to allege any encroachment of their property interests. It is not enough to recite vague harms untethered to a specific property. There are barely any allegations as to Plaintiffs' specific experiences. Plaintiff Franci alleges that he "experiences a lack of sleep" due to the odors. (Compl. ¶ 31.) Plaintiff Bumbaugh alleges that the odors "make[] the inside of your house smell." (*Id.* ¶ 32.) And that is essentially it. But neither of these allegations relate ***specifically*** to a property interest. Simply complaining about an allegedly bad smell does not relate to a property interest. This is especially true given Plaintiffs have alleged that others in the proposed class area have been exposed to the same "noxious" odors regardless of whether they resided in the area. (*Id.* ¶ 40.)

It is telling that Plaintiffs' Complaint provides more details about alleged interferences with property interests incurred by putative class members than it does about any such interferences with Plaintiffs' property interests. (*Id.* ¶¶ 33–34.) These allegations as to other putative class members reference closing windows in their houses. But these details cannot be imputed to

Plaintiffs. *See, e.g.*, *Gutierrez v. C&H Sugar*, No. 23-CV-03192-SI, 2023 WL 7927771 at *5 (N.D. Cal. Nov. 15, 2023).

Plaintiffs are required to do more – they must meet the pleading standards articulated by *Iqbal* and *Twombly* and allege that their actual property interests have been harmed. However, they have not done so. Accordingly, Plaintiffs' claim for private nuisance should be dismissed.

### 2.    Public Nuisance

A public nuisance under Pennsylvania law is defined as "an unreasonable interference with a right common to the general public." *A. Richfield Co. v. Cnty. of Montgomery*, 294 A.3d 1274, 1283 (Pa. Commw. Ct. 2023), *appeal denied*, 307 A.3d 1205 (Pa. 2023). Pennsylvania courts have said that the effect upon the public right must be "significant." *Id.* at 1284. Moreover, a public nuisance must "affect[]" the general public" rather than "merely some private individual or individuals." *Blue Mountain Pres. Ass'n v. Twp. of Eldred*, 867 A.2d 692, 704 (Pa. Commw. Ct. 2005). "[W]hether a right is public is a question of law." *A. Richfield Co.*, 294 A.3d at 1284.

Plaintiffs fail to allege that a public right has been interfered with here. One of the few allegations in the Complaint where a public right is even mentioned is in Paragraph 70, which reads "[t]he Defendant's noxious odors have interfered with the public's right to unpolluted and uncontaminated air." (Compl. ¶ 70.) Paragraph 75 merely notes that "members of the general public are impacted by the odors when they work, study, commute, shop, or engage in recreation in the [proposed] Class Area." (*Id.* ¶ 75.) But these are pled in the most conclusory terms possible. No actual allegations appear regarding how a public right has been impacted by the odors. Nor are there any allegations as to any such effect being "significant."

Courts have often dismissed public nuisance claims that fail to adequately allege what rights common to the public are being interfered with. For instance, in *Maroz*, this Court noted

that public nuisance "requires its own set of factual allegations describing how the community-at-large has been adversely affected by Defendant's actions or inactions." 2015 WL 6070172 at *4. The Court in *Maroz* found that the plaintiffs there had failed to meet their pleading standard in this regard. *Id*.; *see also Read v. Corning Inc.*, 351 F. Supp. 3d 342, 359 (W.D.N.Y. 2018); *Acosta Orellana v. CropLife Int'l*, 711 F.Supp.2d 81, 102 (D.D.C. 2010).

Similarly, in a case involving the same plaintiff's counsel as in this case, a federal court in New York dismissed a public nuisance on this basis not once, but twice. In *D'Amico v. Waste Management of New York, LLC*, the court found that "[a] review of the allegations contained in the Amended Complaint reveals that it does not once specifically allege that Defendant's operation of the Landfill has interfered with a right held in common by the public." No. 6:18-CV-06080 EAW, 2019 WL 1332575 at *3 (W.D.N.Y. Mar. 25, 2019). The court continued: "the mere possibility that there has been a 'substantial interference' with the public's rights to clean air does not satisfy federal pleading standards; if a plaintiff 'has not nudged [his] claims across the line from *conceivable to plausible*, [his] complaint must be dismissed.'" *Id*. at *4 (quoting *Twombly*, 550 U.S. at 570) (emphasis in original).

Plaintiff's counsel in *D'Amico* later amended the complaint and added only one new allegation about a right to unpolluted air. *D'Amico v. Waste Mgmt. of New York, LLC*, No. 6:18-CV-06080 EAW, 2019 WL 4259549 at *5 (W.D.N.Y. Sept. 9, 2019). The defendant once again filed a motion to dismiss, and in granting dismissal as to public nuisance again, the court stated it was "underwhelmed by Plaintiff's efforts to rectify the pleading deficiencies." *Id*. It further found that "[a]side from adding a conclusory phrase that Defendant's emissions have interfered with rights common to the general public, Plaintiff has made no effort to set forth <u>*facts*</u> plausibly alleging that his claim satisfies the standard for a public nuisance by substantially interfering with

rights held in common by the public." *Id.* (emphasis in original).  Other courts have also dismissed

cases on this basis.  *See, e,g.*, *Acosta*, 711 F. Supp. 2d at 101–02 (dismissing a public nuisance

claim where "the plaintiffs merely recite[d] the elements of a public nuisance claim without

providing any factual support for the allegation that a right common to the general public ha[d]

been harmed"); *Read*, 351 F. Supp. 3d at 359–60 (similar).

Once again, Plaintiffs must do more to avoid dismissal.  Bare, conclusory allegations do

not satisfy *Iqbal* and *Twombly*.  This Court should thus dismiss Plaintiffs' public nuisance claim.

### 3.    Negligence

Plaintiffs' negligence claim fails because Plaintiffs have not alleged physical damage to

their properties.  Pennsylvania law mandates that property damages in negligence cases "require

physical damage to property, even if temporary."  *Menkes v. 3M Co.*, No. CV 17-0573, 2018 WL

2298620 at *7 (E.D. Pa. May 21, 2018).  In matters dealing with contamination, it is required that

a plaintiff show the contamination "was and continues to be physically present on [his/her]

propert[y]."  *Id.*  Specifically, these damages do not include "loss of value, annoyance, disturbance,

intrusion, harassment and inconvenience."  *Id.*

Here, Plaintiffs have not adequately alleged any actual physical damage to their properties.

In fact, Plaintiffs simply baldly claim "[t]he noxious odors have caused property damage," but do

not assert *how*.  (Compl. ¶ 37.)  There is not a single allegation in the Complaint that the alleged

odors caused physical harm to any of the structures or physical components of Plaintiffs' property.

A Pennsylvania federal court dismissed a negligence cause of action under almost identical

circumstances in 2021.  In *Lloyd v. Covanta Plymouth Renewable Energy, LLC*, the court said that

"[a]bsent any allegations of physical damage to her property, plaintiff has not sufficiently pleaded

a claim for negligence."  517 F. Supp. 3d 328, 333 (E.D. Pa. 2021).  *Lloyd* was brought by the

same law firm that brought this action, and it also involved a claim based on allegedly noxious odors. The fact that the *Lloyd* court found that plaintiff there could not bring a negligence claim based on noxious odors when physical damage to property has not been alleged should control under the facts here.[9] Thus, Plaintiff's Complaint fails to meet the *Twombly/Iqbal* pleading standards and should be dismissed.

## II.    The economic loss rule bars recovery for both the private nuisance and negligence claims.

Under Pennsylvania law, the economic loss doctrine is applicable to claims for both private nuisance and negligence.[10] *Moore v. Pavex, Inc.*, 514 A.2d 137, 140 (Pa. Super. Ct. 1986); *Aikens v. Baltimore and Ohio R.R. Co.*, 501 A.2d 277, 278 (Pa. Super. Ct. 1985). This doctrine safeguards the principle that "no cause of action exists" for parties experiencing "purely economic loss, absent any direct physical injury or property damage." *Aikens*, 501 A.2d at 278–79. Thus, a plaintiff cannot maintain a negligence or private nuisance claim unless either physical injury or direct property damage is plausibly alleged. *Id.* Courts make this determination as a matter of law. *See*

---

[9]    To the extent Plaintiffs in their opposition attempt to rely on *Baptiste v. Bethlehem Landfill Co.*, 965 F.3d 214 (3d Cir. 2020), such reliance will be misplaced for two reasons. First, the *Baptiste* court expressly refused to weigh in as to whether physical injury is required to be pled for a negligence claim. *Id.* at 228–29. In fact, the *Lloyd* court, as discussed herein, dismissed a negligence claim almost identical to the one here on this exact basis **after** *Baptiste* was decided. *But cf. Childs v. Westmoreland Sanitary Landfill LLC*, No. 21-1100, 2022 WL 2073022 (W.D. Pa. June 9, 2022). Second, Chambers does not raise any of the arguments that were rejected by the *Baptiste* court. Instead, other than the physical harm argument for negligence and the related economic loss rule argument, most of Chambers' arguments relate to Plaintiffs' failure to adequately plead factual support for their claims pursuant to *Iqbal/Twombly*.

[10]    Notably, other states adhere to this rule that the economic loss rule bars negligence and/or nuisance claims where there is no allegation of physical injury to property. *See, e.g., William Metrose Ltd. Builder/Dev. v. Waste Mgmt. of New York, LLC,* 207 N.Y.S.3d 317, 321 (2024) (dismissing negligence claim based on odor due to plaintiff's failure to allege physical injury to property); *Morley v. Michigan Sugar Co.*, No. 354085, 2021 WL 5405867, at *7 (Mich. Ct. App. Nov. 18, 2021) (similar); *Davies v. S.A. Dunn & Co., LLC*, 200 A.D. 3d 8, 16 (N.Y. App. Div. 2021) (similar); *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 153 (2013) (similar).

*id*. at 279.

Courts interpreting Pennsylvania law have further explained what is meant by "property damage." For instance, Pennsylvania federal courts have described "property damage" in this context as "***physical injury*** to property." *See, e.g.*, *Hults v. Allstate Septic Systems, LLP*, No. 4:06-0541, 2007 WL 2253509, at *7 (M.D. Pa. Aug. 3, 2007) (emphasis added); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 395 F. Supp. 2d 183 (M.D. Pa. 2005). Pennsylvania courts have said that property damage in this context must be "***direct*** damage to property" such as "flooding [or] destruction of property." *Moore*, 514 A.2d at 140 (emphasis added). Other courts have said that "[e]conomic loss has been defined as 'damage for inadequate value, costs of repair . . . [and] consequential loss of property without any claim of personal injury or damage to other property.'" *Am. Stores Props., Inc. v. Spotts, Stevens & McCoy, Inc.*, 648 F. Supp. 2d 707, 713 (E.D. Pa. 2009) (quoting *Palco Linings, Inc. v. Pavex, Inc.*, 755 F. Supp. 1269, 1276 (M.D. Pa. 1990)). These rulings demonstrate that damages asserted as loss of use of one's property or diminished value of property are considered economic losses, ***not*** property damages that escape the economic loss rule.

In a different but related context, the Third Circuit has said that "[i]n ordinary parlance and widely accepted definition, physical damage to property means a distinct, demonstrable, and physical alteration of its structure." *Port Auth. of New York & New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 235 (3d Cir. 2002). Such physical damage to property necessarily results in "the functionality of the property [being] 'nearly eliminated or destroyed' or the 'property [being] made useless or uninhabitable.'" *Brian Handel D.M.D., P.C. v. Allstate Ins. Co.*, 499 F. Supp. 3d 95, 99 (E.D. Pa. 2020) (quoting *Motorists Mut. Ins. Co. v. Hardinger*, 131 F. App'x 823, 826 (3d Cir. 2005)); *see also Windber Hosp. v. Travelers Prop. Cas. Co. of Am.*, No. 3:20-CV-80, 2021 WL 1061849, at *4 (W.D. Pa. March 18, 2021) (similar).

13

Given the above, it is not a surprise that Pennsylvania courts have dismissed both private nuisance and negligence claims alleging loss of use and enjoyment of property pursuant to the economic loss rule. For instance, a Pennsylvania federal court rejected an argument that a private nuisance claim does not require physical harm to property to recover economic damages, and dismissed the plaintiff's private nuisance and negligence claims in that case. *See In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1460, 1484–85 (E.D. Pa. 1993), *rev'd on other grounds*, 12 F.3d 1270 (3d Cir. 1993). In addition, more recently, this Court dismissed negligence and private nuisance counts (albeit at the summary judgment stage), including a claim for loss of enjoyment of plaintiffs' properties, because there was no physical damage to their properties. *Diehl v. CSX Transp., Inc.*, No. 3:18-cv-122, 2019 WL 6701793, at *4–5 (W.D. Pa. Dec. 9, 2019).

As described at length above, Plaintiffs here have pled no actual physical injury or property damage. There is not a single allegation in the Complaint that the alleged landfill odors physically damaged any of the structures or physical components of the properties where Plaintiffs reside. Nor have Plaintiffs alleged any personal injuries. Instead, they only seek damage for economic loss: "harm relating to the use and enjoyment of their lands and properties and decreased property values." (Compl. ¶ 74.) And under Pennsylvania law, any speculative damages due to odors and particulates in the air do not save Plaintiffs from burden. Pennsylvania courts have dismissed private nuisance claims on this basis on a number of occasions. *See, e.g.*, *Moore*, 514 A.2d at 139.

Additionally, Plaintiffs seek to recover for "diminution of property value" for the alleged property damage. (Compl. ¶¶ 64, 74, 85.) Curiously, however, they do not seek to recover any damages for repair of their properties. This is telling because "diminution of property value" is not available under Pennsylvania law unless there have been ***permanent*** property damages. *See Lobozzo v. Adam Eidemiller, Inc.*, 263 A.2d 432, 437 (Pa. 1970). Plaintiffs have conceded in their

Complaint that the alleged odors are remediable.  (Compl. ¶¶ 35, 57, 78.)  Thus, the only available measure of damages for Plaintiffs is the cost of repair, unless that cost would exceed the value of the property.  *Lobozzo*, 263 A.2d at 437.  That Plaintiffs are not even attempting to recover for any repairs to their property is further evidence that Plaintiffs have not alleged any physical harm to their properties here, as required.

This Court should follow the lead of cases such as *Moore*, *Aiken*, *In re One Meridian Plaza Fire Litigation*, *Hults*, *Sovereign Bank*, *American Stores Properties*, *Port Authority of New York & New Jersey*, and *Brian Handel D.M.D.*, supra.  Because both Plaintiffs' claim for negligence and private nuisance are barred under the economic loss doctrine, they should be dismissed.

## III.     Plaintiffs' allegations do not support an award of punitive damages.

An award of punitive damages is "an extreme remedy," only appropriate "when the plaintiff has established that the defendant has acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." *Doe v. Wyoming Valley Health Care Sys., Inc.*, 987 A.2d 758, 768 (Pa. 2009) (quoting *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).  It is a real assessment of "the state of mind of the actor," which must be "intentional, reckless or malicious," that truly matters – not a complaint's mere recitation of words like wanton, intentionally, or knowingly.  *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005).  And despite generally defining outrageous conduct as that which is "willful, wanton, or reckless," this is a notably high threshold to meet.  *See, e.g.*, *Phillips*, 883 A.2d at 442, 445–47 (finding that the conduct of the manufacturers and distributors of a lighter with no childproof safety feature did not rise to the level of "evil motive" or "reckless indifference" even after a child used the lighter to start a fire that killed three minors and the child's mother introduced evidence into the record "that fires caused by children playing with butane lighters resulted in the

deaths of 120 people per year").

In *Maroz*, this Court found that assertions of "frequent complaints from neighbors," coupled with the capabilities of the facility in question, and even the facility's knowledge that its actions were impacting the surrounding community, specifically did not constitute "outrageous conduct" or give rise to an award of punitive damages.  2015 WL 6070172, at *7.  This Court further asserted that this showing must be evident in the pleadings.  *See id.* at *6.

Like in *Phillips* and *Maroz*, Plaintiffs' assertions here do not warrant the extreme remedy of punitive damages.  Although the Complaint attempts to meet this high showing by sprinkling legal conclusions such as "wrongfully," "willfully," "recklessly, and/or negligently" throughout its allegations, this attempt falls far short of the standard.  (Compl. ¶¶ 42, 48, 61, 78.)  Even if the Court found that Chambers knowingly caused the Plaintiffs' alleged injuries of lowered property value and lessened enjoyment/use of their property, the pleadings do not demonstrate that Chambers had the requisite state of mind or that the conduct at issue is so outrageous as to call for the imposition of punitive damages.  Thus, this prayer for relief should be dismissed.

## IV.     The Court should strike Plaintiff's class allegations.

Even if Plaintiffs stated a claim for relief (which they have not), the Court should strike Plaintiffs' class allegations because the Complaint, on its face, demonstrates that individual issues will predominate, rendering class treatment inappropriate.  *See* Fed. R. Civ. P. 12(f), 23(b)(3).

"[S]ometimes the [class certification] issues are plain enough from the pleadings."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  Therefore, where "the unsuitability of class treatment is evident on the face of the complaint and uncontrovertible facts," 1 McLaughlin on Class Actions § 3.4, courts have recognized that motions to strike class allegations on the pleadings are proper.  "[P]arties and [the] Court can enjoy significant time and resource savings by striking

allegations . . . that it is clear even now will never come to fruition." *DuRocher v. Nat'l Collegiate Athletic Ass'n*, No. 1:13-CV-01570-SEB, 2015 WL 1505675 at *7 (S.D. Ind. Mar. 31, 2015).

Chambers is aware that a motion to strike class allegations should only be granted rarely, but this Court has not hesitated to do so when presented with the appropriate case. *See, e.g.*, *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 516 (W.D. Pa. 2019); *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, No. 12–929, 2015 WL 401443, at *1 (W.D. Pa. Jan. 28, 2015); *Semenko v. Wendy's Intern., Inc.*, No. 2:12–cv–0836, 2013 WL 1568407, at *1 (W.D. Pa. Apr. 12, 2013). Chambers respectfully submits that this case presents such a rare occasion. If Plaintiffs' claims are inherently individualized, then class certification is not possible and striking the class allegations is appropriate. *See, e.g.*, *Lautemann v. Bird Rides, Inc.*, No. CV 18-10049 PA, 2019 WL 3037934, at *5–8 (C.D. Cal. May 31, 2019) (striking class allegations seeking to recover in nuisance); *West v. Chapparal Energy, LLC*, No. CIV-16-264-F, 2018 WL 8264338, at *1, *6–7 (W.D. Okla. Aug. 16, 2018) (striking class claims seeking to recover in nuisance and negligence for loss of use and enjoyment and diminution in property value); *Goins v. United Parcel Service Inc.*, No. 21-cv-08722-PJH, 2023 WL 3047388, at *8, *10 (N.D. Cal. April 20, 2023) (similar); *see also Bell*, 2015 WL 401443, at *5 (striking class allegations in nuisance class action based on fail-safe class definition).

Where a defendant moves to strike class allegations, "plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Semenko*, 2013 WL 1568407, at *2. When seeking to strike based on lack of predominance, a plaintiff must show that "the elements of the underlying claim that a plaintiff seeks to certify must be 'capable at proof at trial through evidence that is common to the class

rather than individual to its members.'" *Davis v. Bank of Am.*, No. CV 13-4396, 2016 WL 427049, at *4 (E.D. Pa. Feb. 3, 2016) (striking class allegations for lack of predominance). This includes an assessment of causation and damages.

As one court explained, "[n]uisance claims inherently raise individualized issues due, in part, to the fundamental maxim that each parcel of land is unique." *Navarro v. ExxonMobil Corp.*, No. CV 17-2477 DSF (SKX), 2022 WL 22248790, at *12 (C.D. Cal. July 5, 2022) (quoting *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 461–62 (1974)); *see also United States v. Duro*, No. EDCV 07-1309 SGL (JCRx), 2009 WL 10669404, at *13 (C.D. Cal. Apr. 1, 2009) (holding that nuisance determination is an "inherently fact-intensive inquiry"). This is why "the overwhelming majority of state and federal courts have defined certification of environmental mass tort classes." *In re MTBE Prod. Liab. Litig.*, 209 F.R.D. 323, 347–48 (S.D.N.Y. 2022).

Federal courts within the Commonwealth have rejected class certification of nuisance claims, just as many across the Nation have, on this basis. *See, e.g.*, *Lloyd v. Covanta Plymouth Renewable Energy, LLC*, 585 F. Supp. 3d 646, 660 (E.D. Pa. 2022) (denying odor nuisance class and stating that "[t]he need for individual inquiries into causation and injury undercuts any benefit class treatment could provide"); *Chen v. Amtrak*, No. 18-3617, 2019 WL 5294419, at *7–8 (E.D. Pa. Oct. 18, 2019) ("Whether [d]efendants actually invaded class members' private properties will require the same showing as establishing whether the herbicide is even present on class members' properties. The question of whether any invasion was unreasonable is likewise an individualized inquiry because Defendants' spraying was not done in a uniform manner. Herbicide drift may be an unreasonable interference on one property but not another."); *see also, e.g.*, *Navarro*, No. CV 17-2477 DSF (SKx), 2022 WL 22248790, at *13; *Lautemann*, 2019 WL 3037934, at *7 (striking class allegations under Rule 23(a)(2) and (b)(2) because "the unique circumstances of each class

member's property and, therefore, each class member's claims" would preclude certification); *West*, 2018 WL 8264338, at *1, *6–7; *Henke v. Arco Midconn, LLC*, No. 4:10CV86 HEA, 2014 WL 982777, at *1 (E.D. Mo. Mar. 12, 2014); *Powell v. Tosh*, No. CIV.A. 5:09–CV–00121, 2013 WL 4418531, at *3–9 (W.D. Ky. Aug. 2, 2013); *Ginardi v. Frontier Gas Servs., LLC*, No. 4:11– cv–00420–BRW, 2012 WL 1377052, at *1 (E.D. Ark. Apr. 19, 2012). This is consistent with one court's view that "the overwhelming majority of state and federal courts have denied certification of environmental mass tort classes." *In re MTBE Prods. Liab. Litig.*, 209 F.R.D. at 347–48.

As the Eastern District of Pennsylvania presciently put it in denying class certification in an odor nuisance class action brought with strikingly similar allegations: "A property that is downwind from the [defendant's] facility and invaded by odors one day may be upwind and unaffected the next day." *Lloyd*, 585 F. Supp. 3d at 650; *see also Chen*, 2019 WL 5294419, at *7– 8 (explaining that herbicide drift may be unreasonable at one property but reasonable at another). Thus, "***individualized determinations of causation, fact of damage, and extent of injury, considering the complex factors that affect odor impact, would overwhelm any common issues of [defendant]'s conduct***." *Lloyd*, 585 F. Supp. 3d at 659–60 (emphasis added); *see also Chen*, 2019 WL 5294419, at *8 ("Despite any common questions on the nuisance, trespass, and negligence claims, [p]laintiffs cannot prove causation for any of their claims on a class-wide basis."). This case is no different than the myriad cited above, including *Lloyd*, except perhaps that the Complaint here has a number of other serious pleading deficiencies (as explained above).

Plaintiffs' counsel is well-aware of this as they could not gain class certification in *Lloyd*. They have filed similar class actions all across the nation over the last twenty years and have been unable to achieve certification of a litigated (i.e., non-settlement) class in federal court since 2006. *See, e.g.*, *Brown v. Wellpet, LLC*, No. 3:21-cv-00576-HAB-SLC, 2023 WL 3483935, at *18 (N.D.

Ind. Mar. 31, 2023), *report and recommendation adopted*, 2023 WL 3018313 at *1–2 (N.D. Ind. Apr. 20, 2023); *Thornburg v. Ford Motor Co.*, No. 4:19-cv-01025-NKL, 2022 WL 4348475, at *1 (W.D. Mo. Sept. 19, 2022); *Lloyd*, 585 F. Supp. 3d at 650–51; *Hamilton v. 3d Idapro Sols., LLC*, No. 18-CV-54-JDP, 2019 WL 9089916, at *1 (W.D. Wis. Aug. 1, 2019); *Brooks v. Darling Int'l, Inc.*, No. 1:14–cv–01128–DAD–EPG, 2017 WL 1198542, at *1 (E.D. Cal. Mar. 31, 2017); *Burkhead v. Louisville Gas & Elec. Co.*, 250 F.R.D. 287, 289 (W.D. Ky. 2008); *Snow v. Atofina Chem., Inc.*, No. 01-72648, 2006 WL 1008002, at *1 (E.D. Mich. Mar. 31, 2006).

Plaintiffs cannot suggest that discovery in this case will reveal anything different than in those cases in which class certification was denied. Thus, Plaintiff's class allegations should be struck because individualized issues will necessarily predominate.[11]  *See* Fed. R. Civ. P. 12(f), 23(b)(3), 23(c)(1)(A).

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint should be dismissed.

---

[11]    Plaintiffs' class allegations should be struck for at least two other reasons. First, Plaintiffs have failed to plead facts showing why the one-mile geographical boundary is proper. Courts have recognized that "nothing about a class definition as stated in a complaint may be preliminary. Plaintiffs must carefully select the class construction they so choose, and litigate their claim accordingly." *Bell*, 2015 WL 401443, at *5. It is well-settled that "courts have rejected proposed classes where plaintiffs failed to 'identify any logical reason . . . for drawing the boundaries where they did.'" *Burkhead*, 250 F.R.D. at 291 (citation omitted); *see also Kemblesville HHMO Ctr., LLC v. Landhope Realty Co.*, No. CIV.A. 08-2405, 2011 WL 3240779, at *5 (E.D. Pa. July 28, 2011). Numerous nuisance odor class actions have had certification denied on just this basis. *See, e.g.*, *Hamilton*, 2019 WL 9089916, at *1; *Thornburg*, 2022 WL 4348475, at *4; *Lloyd*, 585 F. Supp. 3d at 658; *Brooks*, 2017 WL 1198542, at *14. Second, Plaintiffs do not include a class period. It is unclear whether the proposed class includes residents going back five months or fifty years. Courts have found that failure to include a class period, by itself, results in a failure to satisfy pleading standards and requires dismissal of the class claims. *See, e.g.*, *Noll v. eBay, Inc.*, No. 5:11-CV-04585-EJD, 2013 WL 2384250, at *4 (N.D. Cal. May 30, 2013). Indeed, the Second Circuit has held that "[t]he lack of a defined class period . . . makes the modified class insufficiently defined as a matter of law." *Brecher v. Republic of Argentina*, 806 F.3d 22, 26 (2d Cir. 2015).

Dated: July 1, 2024

Respectfully submitted,

**McGuireWoods LLP**

*/s/ Branden P. Moore*
Branden P. Moore
Pa. Id. No. 314483
Cameron J. Comer
Pa. Id. No. 329152
McGuireWoods LLP
260 Forbes Avenue, 18th Floor
Pittsburgh, Pennsylvania 15222
412-667-6000
412-667-6050  (Facsimile)
bmoore@mcguirewoods.com
ccomer@mcguirewoods.com

Eugene E. Mathews
VSB No. 36384
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
804-775-4773
804-698-2313  (Facsimile)
mmathews@mcguirewoods.com

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 1, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants, in addition to serving the same counsel via electronic mail:

James E. DePasquale
1302 Grant Building
310 Grant Street
Pittsburgh, PA 15219
jim.depasquale@verizon.net

*Attorney for the Plaintiffs*

Steven D. Liddle
LIDDLE SHEETS COULSON P.C.
975 E. Jefferson Avenue
Detroit, MI 48207-3101
sliddle@lsccounsel.com

*Attorneys for Plaintiffs & the Putative Class*

*/s/ Branden P. Moore*
Branden P. Moore