**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| FRANK FRANCI and RANDY BUMBAUGH, on behalf of themselves and all others similarly situated, | Civil Action No: 2:24-cv-00800 |
| *Proposed Class Action Plaintiffs*, | Judge William S. Stickman IV |
| v. | |
| CHAMBERS DEVELOPMENT COMPANY, INC., | |
| *Defendant*. | |

<u>**DEFENDANT'S REPLY AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND STRIKE**</u>

Branden P. Moore
Pa. Id. No. 314483
Cameron J. Comer
Pa. Id. No. 329152
McGuireWoods LLP
260 Forbes Avenue, 18th Floor
Pittsburgh, Pennsylvania 15222
412-667-6000
412-667-6050 (Facsimile)
bmoore@mcguirewoods.com
ccomer@mcguirewoods.com

Eugene E. Mathews III
VSB No. 36384
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
804-775-4773
804-698-2313 (Facsimile)
mmathews@mcguirewoods.com

*Counsel for Defendant Chambers Development Company, Inc.*

Defendant Chambers Development Company, Inc. ("Chambers") replies to Plaintiffs' Response and Brief in Opposition to Defendant's Motion to Dismiss and Strike and continues to move to dismiss the Plaintiffs' Complaint and to strike Plaintiffs' class allegations. For the reasons stated previously and herein, Plaintiffs' Opposition fails to rebut Chambers' original arguments or bolster Plaintiffs' claims in any meaningful way, and thus Plaintiffs' claims should be dismissed and Plaintiffs' class allegations stricken.

## ARGUMENT

### I.     Plaintiffs misstate the applicable pleading standard.

As an initial matter, Plaintiffs misstate the applicable pleading standard.  Plaintiffs incorrectly rely on *Phillips v. County of Allegheny* for the proposition that the Court must "accept all factual allegations as true" and that the applicable standard is whether "under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  (Opp'n 6 (quoting 515 F.3d 224, 233 (3d Cir. 2008).)  But *Phillips* is no longer applicable.

Since *Phillips*, the Supreme Court detailed and expounded upon the applicable pleading standard at the motion to dismiss stage in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In fact, as this very Court has explained, *Phillips* has been "superseded" by that case.  *See Save Our Saltsburg Schs. v. Blairsville-Saltsburg Sch. Dist.*, 2021 WL 2209294, at *4 n.3 (W.D. Pa. June 1, 2021) (Stickman, J.) (stating that "*Phillips* has been superseded by *Iqbal*").  And as this Court accurately stated, *Iqbal* requires "tighter pleading standards." *Id*.  Indeed, *Iqbal* requires more than accepting all factual allegations as true and whether "any reasonable reading of the complaint" entitles a plaintiff to relief to pass the initial pleading hurdle.  *Iqbal* requires that a plaintiff plead sufficient facts that plausibly entitle a plaintiff to relief to proceed forward.  That requires ***more*** than what Plaintiffs suggest and ***more*** than what Plaintiffs have put in their Complaint.

1

It is ironic that the Plaintiffs ask "that the Court [] not accept [Chamber]'s invitation to ignore the pleading standard here," (Opp'n 9), while simultaneously asking the Court to accept a defunct pleading standard.  Plaintiffs' opposition and allegations, therefore, must be read with a keener eye than Plaintiffs suggest.[1]

## II.    Plaintiffs still have not pled significant harm, requiring dismissal of their private nuisance claim.

*First*, Plaintiffs attempt to use cases from over one hundred years ago to allege that, under Pennsylvania law, only a jury can determine "what constitute[s] a nuisance." (Opp'n 10 (quoting *Kiser v. Kerbaugh, Inc.*, 40 Pa. Super. 163, 170 (1909)).)  However, this ignores more recent Pennsylvania cases in which the courts have made nuisance determinations. *See e.g. Golen v. Union Corp.*, 718 A.2d 298, 301 (Pa. Super. Ct. 1998) (affirming insufficiency of private nuisance); *see also Karpiak v. Russo*, 676 A.2d 270, 272-73 (Pa. Super. Ct. 1996) (affirming inadequacy of private nuisance pleading, specifically finding that defendants' actions did not rise to the level of "significant harm," on motion for preliminary injunction).

*Second*, rather than explaining the actual harm experienced by the Plaintiffs, Plaintiffs simply recite their original, insufficient allegations from their Complaint and attempt to conflate these allegations with those of the plaintiffs in *Evans*. (Opp'n 9-10 (citing *Evans v. Moffat*, 160 A.2d 465, 473 (Pa. Super. 1960)).)  But in *Evans*, the plaintiffs alleged actual property damage:

> [T]he hydrogen sulphide in the atmosphere in [the Borough of] Taylor reacts with the basic lead carbonate in the paint on the plaintiffs' homes, forming lead sulphide, a dark gray or black metallic substance, and the chalking and decorative qualities of the paint are destroyed; that hydrogen

---

[1] In addition, Plaintiffs mischaracterize the federal cases they cite in their opposition where motions to dismiss have been denied. These cases presented distinct fact patterns and contained allegations that Plaintiffs' Complaint does not contain.  For example, in *Sines* (Opp'n Ex. 5), the plaintiff complained of actual, physical injury. *Sines v. Darling Ingredients Inc.*, No. CV 19-19121 (CCC), 2020 WL 5015488 at *1 (D. N.J. Aug. 25, 2020) ("physical discomfort, including nausea, eye and nasal irritation, and headaches").  Here, Plaintiffs have done no such thing.

>sulphide not only discolors the plaintiffs' homes but tarnishes their silverware and hardware, gets into their clothing and bedclothing, and tarnishes and stains their bathroom fixtures, and causes considerably more household work for the women of the households . . . .

*Id.*

Contrast this with what Plaintiffs have pleaded here:  that Plaintiff Franci sometimes "experiences a lack of sleep" and that Plaintiff Bumbaugh sometimes experiences smells "inside of [his] house."  (Mem. 8 (quoting Compl. ¶¶ 31-32).)  That is all.  Unlike *Evans*, neither Plaintiff expounds on these generic allegations to demonstrate any significant harm or tangible damage to their properties.  Moreover, Plaintiffs point to ***others*** who allegedly also experienced the odors and do so in more detail than for Plaintiffs themselves.  (*See* Opp'n 10 (discussing alleged reports of "other local residents").)  But others' experiences cannot substitute for specific, factual allegations to support Plaintiffs' claims.  *See Gutierrez v. C&H Sugar, Inc.*, 2023 WL 7927771, at *5 (N.D. Cal. Nov. 15, 2023).

Accordingly, Plaintiffs' private nuisance claim should be dismissed.

### III.    Plaintiffs still have not pled interference with a public right, requiring dismissal of their public nuisance claim.

Plaintiffs' citations to their Complaint only confirm that they have not adequately alleged an interference with a public right.

While it may be true that the Pennsylvania Constitution provides for a "right to clean air," (Opp'n 12 (quoting Pa. Const. Art. I, § 27)), that provision "establishes the public trust doctrine with these natural resources (the corpus of the trust), and designates 'the Commonwealth' as trustee and the people as named beneficiaries."  *Macellus Shale Coalition v. Dept. of Envt'l Protection*, 292 A.3d 921, 933 n.9 (Pa. 2023) (quoting *Robinson Township v. Commonwealth*, 83

A.3d 901, 956 (Pa. 2013)).[2] Thus, this public "right" is one that flows between the Commonwealth and its citizens. *See Robinson Township*, 83 A.3d at 956-57 ("The plain intent of the provision is to permit the checks and balances of government to operate in their usual fashion for the benefit of the people in order to accomplish the purposes of the trust.").

Even if Plaintiffs could rely on this provision, which they cannot, their public nuisance claim should still be dismissed for failure to meet the applicable pleading standard. The problem is that Plaintiffs offer no ***facts*** to bolster this general statement claiming interference with the purported public right. Generic statements that there has been interference with a public right are not sufficient. As with *D'Amico*, a case identified by Chambers in the Motion to Dismiss, (Mem. 10), and left unaddressed by Plaintiffs, Plaintiffs failed to state a claim for public nuisance because they merely alleged "in a conclusory manner that Defendant's operation of the Landfill has substantially interfered with the public's right to uncontaminated air," *D'Amico v. Waste Mgmt. of New York, LLC*, No. 6:18-CV-06080 EAW, 2019 WL 4259549 at *6 (W.D.N.Y. Sept. 9, 2019). Without facts to "plausibly support [this] conclusion," the claim collapses. *See id*. Here, Plaintiffs offer nearly identical unsupported conclusions: "[m]any members of the general public are impacted by the odors when they work, study, commute, shop, or engage in recreation in the Class Area." (Opp'n 12.) There is no appreciable difference between was pleaded and dismissed in *D'Amico* and here.

For this reason, Plaintiffs' public nuisance claim should be dismissed.

---

[2] The provision reads in full: "The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people."

IV.    **Plaintiffs still have not pled physical injury, requiring dismissal of their negligence claim.**

Plaintiffs disagree with Chambers' assertion that negligence "require[s] physical damage to property," (Mem. 11), and, therefore, offer no support to demonstrate physical damage has occurred. By failing to address this argument directly, they have tacitly conceded that they cannot meet the applicable standard. Instead, Plaintiffs offer a new standard of "physical injury" which is purportedly "well-established Pennsylvania negligence law." (Opp'n 13.)

Using this standard, Plaintiffs rely on the *Gates* case and allege that "the physical presence of [chemicals] in the air, even if undetectable, constitutes a physical injury to the property for purposes of common law property damage claims." (Opp'n 13 (quoting *Gates v. Rohm & Haas Co.*, No. CIV.A. 06-1743, 2008 WL 2977867, at *3 (E.D. Pa. July 31, 2008)) (alteration in original).) Plaintiffs chose to replace the word "vinyl chloride" from the *Gates* opinion, *Gates*, 2008 WL 2977867 at *3, with the word "chemicals" in their brief, (Opp'n 13).

The replacement is telling. The court made its finding of physical injury predicated on the fact that "there is sufficient evidence in the record to establish that vinyl chloride is a carcinogen and thus a hazardous chemical." *Id*. The designation "hazardous" is even more significant because the court began its assessment by recognizing "[a]s an initial matter, the presence of harmful chemicals in property loss actions is treated differently than the presence of non-hazardous materials." *Id*. (citing *LeClerq v. Lockformer Co.*, No. 00-7164, 2002 WL 907969, at *4 (N.D. Ill. May 6, 2002)).

Noxious odors, as pled by Plaintiffs, are not synonymous with hazardous odors/chemicals. In fact, the word "hazardous" does not appear one time in the Plaintiffs' Complaint, likely because they are aware that "foul smells" and bad odors are not the same as a hazardous carcinogen.

(Compl. ¶¶ 32, 34(c).)  Thus, even offering their alternative standard, Plaintiffs have failed to plead sufficient facts to meet it.

Nevertheless, as the Eastern District of Pennsylvania explained in *Lloyd v. Covanta Plymouth Renewable Energy, LLC*, "[a]bsent any allegations of physical damage to her property, plaintiff has not sufficiently pleaded a claim for negligence."  517 F. Supp. 3d 328, 333 (E.D. Pa. 2021).  While Chambers acknowledges that this Court has disagreed with the reasoning of *Lloyd*, *see Childs v. Westmorland Sanitary Landfill*, 2022 WL 2073022 (W.D. Pa. June 9, 2022), Chambers submits that *Lloyd*'s reasoning is persuasive and has the better view of the law.  This Court believed that in *Lloyd*, the court "read[] too much into the Court of Appeals for the Third Circuit's footnote in *Baptiste v. Bethlehem Landfill Co.*, 965 F.3d 214, 229 n.12 (3d Cir. 2020)."  *Id.* at *1.  But as Chambers explained previously, that footnote in *Baptiste* "expressly refused to weigh in as to whether physical injury is required to be pled for a negligence claim."  (Mem. 12 n. 9.)  As such, *Lloyd* should govern here.

Accordingly, Plaintiffs' negligence claim should be dismissed.

## V.    Plaintiffs fail to demonstrate why the economic loss rule does not bar recovery for both their private nuisance and negligence claims.

Plaintiffs' alleged damages are purely economic losses, and Plaintiffs' misinterpretation and mischaracterization of Pennsylvania law and arguments to the contrary are unavailing.

***First***, Plaintiffs attempt to create false boundaries on the application of the economic loss rule. (Opp'n 15-16 (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 620 (3d Cir. 1995)).)  *Duquesne*, along with the case cited in the Plaintiffs' selected quote, *Grode*, specifically deal with the application of the economic loss rule in product liability cases, but neither suggests that the application of the rule is limited to those circumstances.  *See Duquesne*, 66 F.3d

6

at 608, 620; *see also Grode v. Mut. Fire, Marine, and Inland Ins. Co.*, 623 A.2d 933, 934 (Pa. Commw. 1993).

Plaintiffs provide no discussion of the cases cited by Chambers which demonstrate the application of the economic loss rule to claims for private nuisance and negligence. (Mem. 12.) Indeed, courts have held that the "application of the economic loss doctrine is ***not*** limited to products liability, but has equal application in negligence cases." *Palco Linings, Inc. v. Pavex, Inc.*, 755 F. Supp. 1278, 1280 (M.D. Pa. 1990) (emphasis added) (citing *Lower Lake Dock Co. v. Messinger Bearing Corp.*, 577 A.2d 631, 635 (Pa. Super. 1990)).

***Second***, Plaintiffs mischaracterize this Court's rationale in *Diehl*. (Opp'n 16.) Plaintiffs note that the *Diehl* court found that "[p]laintiff's alleged injuries do not clearly fall within the definition of economic loss." (Opp'n 16 (quoting *Diehl v. CSX Transportation, Inc.*, 349 F. Supp. 3d 487, 507 (W.D. Pa. 2018)).) Plaintiffs attempt to define those alleged injuries as "loss of use and enjoyment of property." (Opp'n 16) This is an inaccurate characterization. In *Diehl*, the plaintiff alleged "injuries, including the cost of boarding her dog, the expiration of food, and the inability to can vegetables" as well as "aggravation, fear, anxiety, and an inability to use and enjoy her property." *Diehl*, 349 F. Supp. 3d at 507. This Court qualified the former allegations as specifically "not economic losses in the traditional sense" and the latter allegations as "emotional injur[ies]." *Id*. Moreover, that plaintiff's alleged "loss of use and enjoyment of property" is distinct from the claims of Plaintiffs here because there, she was actually evacuated from her home for multiple days due to a train derailment which led to hazardous materials causing a fire. *Id*. at 496, 507. This Court stated that these alleged emotional injuries "appear to be plausibly based on her allegations of emotional distress resulting from her evacuation from her home." *Id*. at 507.

Plaintiffs have not pleaded similar facts here. Thus, *Diehl* is readily distinguishable and does not further Plaintiffs' arguments here.

**Third**, Plaintiffs' discussion of *In re One Meridian Plaza* is unpersuasive and does not help their case; instead, it hurts them. (Opp'n 16-17.) The *In re One Meridian Plaza* Court presented certain requirements that must accompany the "physical invasion" as cited by Plaintiffs. (Opp'n 17 (quoting *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1460, 1487 (E.D. Pa. 1993)).) That case made clear that recovery for economic loss could only be achieved "if [plaintiffs] can adequately plead this causal link [between physical harm and economic loss]." *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. at 1487. Having pled no physical harm, it follows that Plaintiffs can plead no "causal link" required to state a claim.

Moreover, and as cited by Plaintiffs (Opp'n 17 n.8), "[a]s a practical matter, physical harm suggests some physical contact or damage." As previously noted, at length, in Chambers' Motion to Dismiss, (Mem. 13-15), and above, Plaintiffs did not plead any physical damage/harm to or repairs made on their properties, and Plaintiffs continue to fail to demonstrate any physical harm, physical damage, or repairs made to their properties, (Mem. 11-12).

Accordingly, Plaintiffs' negligence and private nuisance claims are barred under the economic loss doctrine and should be dismissed.

**VI.    Plaintiffs are incorrect that punitive damages cannot be dismissed.**

Plaintiffs argue with unconvincing support that this is not the appropriate time to determine entitlement to punitive damages.

Plaintiffs, rather than highlighting established precedent, support this assertion with two very distinguishable cases. The first, a Westmoreland County case, dealt with a tow truck driver whose fluid leak led to the death of a motorcyclist, and the determination was made at the

8

preliminary objections phase. *Artman v. Kochka*, 2012 Pa. Dist. & Cnty. Dec. LEXIS 268, at *1-2, 7 (Ct. Common Pleas, Westmoreland Cty. June 21, 2012). The second, the previously discussed *Diehl* case, dealt with the operation of a train with known brake problems that led to the train's derailment, a fire, and the evacuation of many local residents. *Diehl*, 349 F. Supp. 3d at 509. While this determination was made on a motion to dismiss, this Court noted "courts do indeed dismiss claims for punitive damages in advance of trial." *Id*. at 494, 509 (quoting *Boring v. Google, Inc.*, 362 F. App'x 273, 283 (3d Cir. 2010)).

Moreover, the *Maroz* case cited in Chambers' Motion to Dismiss (Mem. 16), a case about "noxious odors and air particulates" from a manufacturing plant, was determined on a renewed motion to dismiss. *Maroz v. Arcelormittal Monessen LLC*, No. 15CV0770, 2015 WL 6070172, at *2 (W.D. Pa. Oct. 15, 2015). This Court determined that the "standard necessitates pleading facts to support that Defendant's conduct was outrageous because Defendant either had an evil motive or was recklessly indifferent to the Plaintiffs' rights" and ultimately held that the plaintiffs' failure to adequately plead meant the "Renewed Motion to Dismiss will be granted in this regard, and Plaintiffs' request for relief in the form of punitive damages will be dismissed." *Id*. *6-7. This holding thus confirms the Court is not bound to wait until a certain stage of litigation to make a determination on punitive damages.

Moreover, *Maroz* also demonstrates that Plaintiffs have failed to plead sufficient facts to move their request for punitive damages forward. There, as here, the only facts supporting the dismissed punitive damages request was alleged "frequent complaints from neighbors" and allegations that the facility "knew" of the alleged problems. *Maroz*, 2015 WL 6070172, at *6-7. That is what Plaintiffs have alleged here. Just as in *Maroz*, so too should this court dismiss Plaintiffs' request for punitive damages.

9

### VII.    Plaintiffs' class claims should be struck.

As Chambers readily acknowledged in seeking to strike Plaintiffs' class allegations, this is a request that is granted rarely, but ***this*** Court has done so when appropriate.  (*See* Mem. 17 (citing *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 516 (W.D. Pa. 2019); *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, No. 12–929, 2015 WL 401443, at *1 (W.D. Pa. Jan. 28, 2015); *Semenko v. Wendy's Intern., Inc.*, No. 2:12–cv–0836, 2013 WL 1568407, at *1 (W.D. Pa. Apr. 12, 2013)).

The three cases on which Plaintiffs rely for the proposition that federal courts have "repeatedly determined" that common issues predominate in environmental nuisance cases are inapposite.  *Stanley v. U.S. Steel Co.*, 2006 WL 724569 (E.D. Mich. Mar. 17, 2006), and *Ponca Tribe of Indians of Oklahoma v. Continental Carbon Co.*, 2008 WL 11338389 (W.D. Okla. July 1, 2008), both pre-date two seminal Supreme Court cases that clarified and significantly tightened the standards under the Federal Rules of Civil Procedure for certification of any class.  As the Supreme Court explained in *Wal-Mart Stores, Inc. v. Dukes*, "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." 564 U.S. 338, 348 (2011).  Certification "is proper only if, after a rigorous analysis, the trial court is satisfied that all of the Rule 23 prerequisites have been met."  *Id.* at 350-51.  Such "rigorous analysis" requires plaintiffs to demonstrate and the Court finding that the supposedly common questions "generate common answers apt to drive resolution of th[e] litigation." *Id.*  at 350.  And in *Comcast Corp. v. Behrend*, the Supreme Court further held that the predominance requirement cannot be met where individual damages calculations overwhelm questions common to the class. 596 U.S. 27, 34 (2013).

While *Bell-Alanis v. J.H. Baxter & Co.* post-dates these seminal cases, it fares no better. There, plaintiff filed an ***unopposed*** motion for class certification. *See* 2023 WL 2717223, at *5 (D. Ore. Mar. 14, 2023). Because it was unopposed, the court there merely adopted Plaintiff's say-so that class certification was appropriate. *See id.* ("Based on the above factors, ***for the reasons set forth in Plaintiffs' unopposed motion***, the [c]ourt finds that class-wide litigation of common issues will reduce costs and promote efficiency such that a class action is superior to other available methods of adjudication." (emphasis added).)

With that, Plaintiffs are left with two cases from district courts in California. In *Eigenberg*, the court denied the motion to strike class allegations, stating that defendant "fail[ed] to cite any case law to support" that a motion to strike was an appropriate vehicle to strike class allegations at the pleading stage. (*See* Opp'n Ex. 3 at 6.) Chambers states that the *Eigenberg* court is incorrect on that point. Like Chambers, defendant there cited numerous cases for the proposition that class allegations can be struck at the pleading stage. *See* Doc. 36 at 20-24, *Eigenberg v. USA Waste of California, Inc. d/b/a Waste Management*, Case No. 5:24cv490 (C.D. Cal.) (collecting cases), attached as Exhibit 1. One of the numerous cases cited by defendant there included *Lautemann v. Bird Rides*—decided by the very same court as *Eigenberg*, the Central District of California. That decision ***rejected*** the argument that it would be "premature to consider the adequacy of [plaintiff's] class allegations." *Lautemann v. Bird Rides*, 2019 WL 3037934, at *5 (C.D. Cal. May 31, 2019). Relying on other authority from the Central District of California, the court expressly held that "Rule 12(f) . . . grants courts authority to strike class allegations that 'cannot possibly move forward on a classwide basis.'" *Id.* (quoting *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, 2015 WL 1266787, at *3 (C.D. Cal. Mar. 18, 2015)). Thus, *Eigenberg* and its reasoning are inapposite.

That leaves *Guitierrez*.  As the quoted portion of that order makes clear, the decision rested on Rule 12(f).  (*See* Opp'n 19.)  While Chambers did move under Rule 12(f), so too did it move under Rule 23(b)(3).  And Chambers has cited voluminous case law striking class allegations for failure to meet Rule 23(b) in these types of cases.  For example, in *Lautemann*, the court "conclude[d] that [p]laintiff cannot satisfy either Rule 23(a)(2) or 23(b)(2) and therefore striking his class allegations is appropriate."  2019 WL 3037934, at *5 (C.D. Cal. May 31, 2019).  The same goes for *West v. Chapparal Energy, LLC*, where the court struck class allegations seeking to recover in nuisance and negligence for loss of use and enjoyment and diminution in property value.  *See* 2018 WL 8264338, at *1, *6-7 (W.D. Okla. Aug. 16, 2018).

The *West* decision is informative on this point.  There, the court stated that the "causation element [was] a core element" of plaintiffs' nuisance and negligence claims and because of that, the "complaint clearly demonstrate[d] that a class action could not be maintained" under Rule 23.  *Id.*  The same holds true here.  Presume that potential odor from Chambers was present at Plaintiff Franci's property, causing the alleged damages.  That says nothing about any odor at Plaintiff Bumbaugh's property.  In other words, answering the question of whether odor from Chambers was present at Plaintiff Franci's house—whether in the affirmative or the negative—does not answer the same question for Plaintiff Bumbaugh's property or any other of the thousands of properties in the putative class area.  Instead, the factfinder would have to go property-by-property throughout the entire class to make these individualized causation determinations.  For this reason, these sorts of claims ***by their very nature*** cannot be certified as class actions in the wake of *Dukes* and *Comcast*.  *See Lloyd v. Covanta Plymouth Renewable Energy, LLC*, 585 F. Supp. 3d 646, 660 (E.D. Pa. 2022) (denying class certification in odor nuisance class action and stating that "need for individual inquiries into causation and injury undercuts any benefit class treatment would

12

provide"); *Chen v. Amtrak*, 2019 WL 5294419, at *7-8 (E.D. Pa. Oct. 18, 2019) (stating that "[w]hether [d]efendants actually invaded class members' private properties will require the same showing as establishing whether the herbicide is even present on class members' properties").

Nor can Plaintiffs argue otherwise. They cite absolutely ***zero*** federal court decisions in which a ***contested*** class certification motion was granted post-*Dukes* and post-*Comcast* in the type of case that they pursue here. Instead, they are left to rely on outdated pre-*Dukes* and pre-*Comcast* cases, certification for ***settlement*** purposes, an outlier ***uncontested*** request, and state court certifications. At the risk of stating the obvious, certification must be decided under the ***federal*** rules, not any states' rules. *See Sines v. Darling Ingredients Inc.*, 2023 WL 3841771, at *14 & n.17 (D. N.J. June 6, 2023) (denying class certification in odor nuisance case and stating that state court cases relied on by plaintiffs were "unpersuasive" because "each case involves certification under a state rule, as opposed to [Federal] Rule 23").

For these reasons, the Court should strike Plaintiff's class allegations at this stage.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Complaint should be dismissed, and Plaintiffs' class allegations should be struck.

Dated: August 23, 2024                   Respectfully submitted,

                                          /s/ *Branden P. Moore*
                                          Branden P. Moore
                                          Pa. Id. No. 314483
                                          Cameron J. Comer
                                          Pa. Id. No. 329152
                                          McGuireWoods LLP
                                          260 Forbes Avenue, 18th Floor
                                          Pittsburgh, Pennsylvania 15222
                                          412-667-6000
                                          412-667-6050 (Facsimile)
                                          bmoore@mcguirewoods.com
                                          ccomer@mcguirewoods.com

Eugene E. Mathews III
VSB No. 36384
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
804-775-4773
804-698-2313  (Facsimile)
mmathews@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants, in addition to serving the same counsel via electronic mail:

James E. DePasquale
1302 Grant Building
310 Grant Street
Pittsburgh, PA 15219
jim.depasquale@verizon.net

*Attorney for the Plaintiffs*

Steven D. Liddle
LIDDLE SHEETS COULSON P.C.
975 E. Jefferson Avenue
Detroit, MI 48207-3101
sliddle@lsccounsel.com

*Attorneys for Plaintiffs & the Putative Class*

*/s/ Branden P. Moore*